# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

In the matter of: )
)                           Adversary Proceeding
WILLIAM ROBERT MARSHALL, III )
(Chapter 13 Case Number <u>11-41469</u>) )                           Number <u>12-4050</u>
)
*Debtor* )
)
)                                      **FILED**
)                           Lucinda B. Rauback, Clerk
WILLIAM ROBERT MARSHALL, III )                    United States Bankruptcy Court
)                                Savannah, Georgia
*Plaintiff* )                    *By rsimmons at 3:05 pm, Apr 03, 2013*
)
)
v. )
)
JOY RENEE MARSHALL )
)
*Defendant* )

## OPINION AND ORDER ON DISCHARGEABILITY OF DEBT

Debtor filed his Chapter 13 case on July 20, 2011. Dckt. No. 1.[1] He

initiated this adversary proceeding to determine dischargeability of debt on August 20, 2012.

A trial of the above captioned matter took place on January 11, 2013. After consideration of

the record, the Court now enters the following Findings of Fact and Conclusions of Law.

---

[1]For this Order, citations to the main bankruptcy case [11-41469] will appear as "Dckt. No. ___";
citations to Debtor's Adversary Proceeding [12-4050] will appear as "A.P. Dckt. No. ___".

<u>FINDINGS OF FACT</u>

The Court adopts and incorporates in full the parties' "Stipulated Facts Not in Dispute" filed in their Joint Pre-Trial Statement as follows:

> On May 26, 2009, William Robert Marshall, III (the "plaintiff/husband") filed a Petition for Divorce against Joy Renee Marshall (the "defendant/wife"). The Superior Court of Chatham County, entered its Final Judgment of Decree of divorce on January 13, 2011.
>
> The Final Order provided that plaintiff/husband pay child support in the amount of $1,471.00 monthly; alimony in the amount of $1,000.00 monthly for 7 years, every educational expense through high school, not to exceed the cost of attending Savannah Christian Preparatory School.
>
> On June 27, 2011, the Superior Court granted the defendant/wife's motion for attorney fees, and awarded her $24,440.25, payable on or before December 30, 2011 directly to her attorney, Terry Hubbard. The Court found the plaintiff/husband's gross income to be $10,167.08 and defendant/wife's gross monthly income to be $3,330.32.[2]
>
> The Plaintiff/debtor filed his chapter 13 petition on July 20, 2011. Ms. Marshall subsequently paid the debt to Mr. Hubbard.

<u>Joint Pre-Trial Statement</u>, Dckt. No. 71.

Ms. Marshall filed a proof of claim in Debtor's Chapter 13 case in the amount of $25,071.71. This amount encompassed $24,440.25 in attorney's fees associated with the parties' divorce and related actions, with the remainder for the reimbursement of

---

[2]On November 13, 2012, this Court entered an Order granting Ms. Marshall's Motion *in limine* (A.P. Dckt. No. 12) to preclude Debtor from introducing further evidence of the parties' prior or current financial circumstances because such matters had previously been litigated in Superior Court. A.P. Dckt. No. 14.

Debtor's share of various medical, dental, and school-related expenses that Ms. Marshall paid on behalf of the parties' children. Her claim identified these obligations as domestic support obligations entitled to priority under 11 U.S.C. § 507(a)(1). The latter portion of this claim for the reimbursement expenses is undisputedly a domestic support obligation; however, the parties dispute whether the attorney's fees should be considered a domestic support obligation.

Debtor filed his Chapter 13 plan on August 4, 2011. Dckt. No. 18. This Court's Order granting confirmation of Debtor's plan was entered January 26, 2012. Dckt. No. 45. The Plan provides for payment of priority claims in full, but is not adequately funded to pay Ms. Marshall's claim in full. The Trustee subsequently filed a motion to increase payments or convert the case. Dckt. No. 47. Debtor filed an objection to Ms. Marshall's claim on July 3, 2012, arguing that her claim was not entitled to priority status. Dckt. No. 54.

Debtor then initiated this adversary proceeding, contending that the claimed obligation of $24,440.25 is not entitled to priority status and can be discharged because it is not a domestic support obligation.

CONCLUSIONS OF LAW

Section 523(a)(5) of the Bankruptcy Code excepts from a § 1328(b) discharge a debt "for a domestic support obligation." 11 U.S.C. § 523(a)(5). The definition of "domestic support obligation" ("DSO") was added to the Code by Congress under the

Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") in §

101(14A), which reads in relevant part:

> The term 'domestic support obligation' means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
>
> (A) owed to or recoverable by–
>
>> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>>
>> (ii) a governmental unit;
>
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child or the debtor or such child's parent, without regard to whether such debt is expressly so designated . . . .

BAPCPA also amended the Code to grant a first priority administrative status to DSOs under

§ 507(a)(1). If an exception to discharge arises under § 523(a)(5), the amount of that debt

has a first priority claim under 11 U.S.C. § 507(a)(1) and would have to be fully funded

within the confines of the Chapter 13 plan. *See* 11 U.S.C. § 1322(a)(2) (a Chapter 13 plan

is required to "provide for the full payment, in deferred cash payments, of all claims entitled

to priority under section 507 of this title, unless the holder of a particular claim agrees to a

different treatment of such claim"). If, on the other hand, the Court determines that such

award is not actually a DSO, the Debtor, in theory, would be required to pay the claim

amount under § 523(a)(15)[3] as a nonpriority claim because it does not fall within the parameters of § 507(a)(1) which reads in relevant part:

> (a) The following expenses and claims have priority in the following order:
>
> (1) First:
>
>> (A) Allowed unsecured claim for domestic support obligations that, as of the date of the filing of the petition in a case under this title, are owed to or recoverable by a spouse, former spouse, or child of the debtor, or such child's parent, legal guardian, or responsible relative, without regard to whether the claim is filed by such person or is filed by a governmental unit on behalf of such person, on the condition that funds received under this paragraph by a governmental until under this title after the date of the filing of the petition shall be applied and distributed in accordance with applicable nonbankruptcy law.

11 U.S.C. § 507(a)(1)(A). The net effect of this is that Debtor would pay some pro-rata amount of the approximately $24,000.00 within the five year plan and the balance would be dischargeable at the end of the case.

In support of Debtor's contention that Ms. Marshall's attorney's fees claim

---

[3]Section 523(a)(15) excepts from discharge debts "to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit." 11 U.S.C. § 523(a)(15). Section 1328(a)(2) limits debt excepted from discharge in a Chapter 13 case under § 523 to debt "of the kind specified in . . paragraph (1)(B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a)", and so § 523(a)(15) debt is likely dischargeable here. *But see In re* Rogowski, 462 B.R. 435, 440 n. 9 (Bankr. E.D.N.Y. 2011) (discussing the tension and facial conflict between § 523(a) and § 1328(a)(2), but not deciding the issue).

is dischargeable and nonpriority, Debtor first asserts that the divorce decree put the parties on relatively equal financial footing, with Ms. Marshall "in effect left with a higher net income." Complaint, A.P. Dckt. No. 1 at 4. Accordingly, Debtor argues that this supports a finding that the attorney's fee award is not a domestic support obligation. Further, Debtor contends that granting priority status for Ms. Marshall's attorney's fees claim would be an undue hardship as it would require him to increase his plan payment from $664.00 to $1,327.00. Id. at 4-5.

At the hearing, Debtor argued that the attorney's fee obligation is not denominated as alimony and is not in the nature of alimony, maintenance or support, in part because the decree expressly provides for a separate payment of alimony and for child support and reimbursement of certain educational and medical expenses. Thus, Plaintiff argues it should not be inferred that the trial court determined the additional payment of attorney's fees as necessary to the wife's support, but rather that support was fully provided for in other portions of the divorce decree.

Assuming Debtor is unsuccessful in this argument, an alternate position taken by the Debtor is that the attorney's fee obligation is not excepted from discharge under § 523(a)(5) because the payment of the attorney's fee obligation is not to the spouse, but rather was ordered to be paid to the spouse's attorney. Complaint, A.P. Dckt. No. 1 at 5-6. Debtor acknowledges that this Court and numerous other courts have construed the statutory text in such a way that payments ordered to be made directly to a spouse's attorney and for

the benefit of the spouse are DSOs. *In re* Stevens, slip copy, 2006 WL 6885815, at *2 (Bankr. S.D. Ga. 2006) (Davis, J.) ("[B]ankruptcy courts have frequently determined that an award of attorney's fees in connection with a divorce decree is in the nature of support and therefore non-dischargeable under Section 523"); Holliday v. Kline (*In re* Kline), 65 F.3d 749, 751 (8th Cir. 1995) ("[Debtor's] obligation to pay the attorney fees is nondischargeable under § 523(a)(5), notwithstanding that it is payable directly to [former wife's attorney]"); Matter of Hudson, 107 F.3d 355, 357 (5th Cir. 1997) (Court ordered obligation to pay attorney's fees directly to attorney who represented child's parent in child support litigation against debtor is nondischargeable under § 523(a)(5)); *In re* Gwinn, 20 B.R. 233, 234 (B.A.P. 9th Cir. 1982) ("[A] claim for attorney's fees awarded to the debtor's wife's attorney in a divorce action is non-dischargeable pursuant to 11 U.S.C. § 523(a)(5), even though the debt was payable directly to the attorney."); *but see In re* Orzel, 386 B.R. 210 (Bankr. N.D. Ind. 2008) (debtor's obligation on fee award entered in favor of third-party law firm that had represented debtor's former spouse in marital dissolution action was not obligation for alimony, maintenance, or support "owed to a spouse, former spouse or child").

Debtor asks the Court in light of the passage of BAPCPA to revisit this previous precedent. The Court agrees that in light of subsequent statutory changes it is appropriate to revisit that precedent and determine if it is still controlling.

Ms. Marshall's position is that an award of attorney's fees under Georgia law is in the nature of support because such an award is provided for only as a part of

expenses of litigation in an action seeking alimony, divorce and alimony, or contempt of court arising out of an alimony or divorce and alimony case, and the award is based on the relative financial circumstances of the parties. A.P. Dckt. No. 11 at 4. Ms. Marshall relies on precedent in this Court holding that an award of attorney's fees by the Superior Court is in the nature of support. Stevens, 2006 WL 6885815. Ms. Marshall contends that BAPCPA has not altered the law in this area. A.P. Dckt. No. 11 at 6-7.

The Court agrees with Ms. Marshall and concludes that the statutory changes have not invalidated prior case law. See In re Papi, 427 B.R. 457, 462, n. 5 (Bankr. N.D. Ill. 2010) ("Although the Bankruptcy Abuse Prevention and Consumer Protection Act, which applies to all cases filed on or after October 17, 2005, added the term 'DSO' to the Code, that term was developed from the definition of a nondischargeable debt for alimony, maintenance, and support in former Section 523(a)(5). Accordingly, case law interpreting the former version of Section 523(a)(5) remains relevant and persuasive here.") (citations omitted); In re Poole, 383 B.R. 308, 313 (Bankr. D.S.C. 2007) (observing that the similarity of language in pre-BAPCPA § 523(a)(5) and post-BAPCPA § 101(14A) makes case law applicable to pre-BAPCPA § 523(a)(5) helpful in interpreting § 101(14A)). Therefore, the Court concludes that pre-BAPCPA precedent remains relevant.

. To that effect, it is clear that pre-BAPCPA precedent overwhelmingly concludes that an award of attorney's fees does not lose its DSO character by being payable directly to the attorney. Matter of Holt, 40 B.R. 1009 (S.D. Ga. 1984); Stevens, 2006 WL

AO 72A
(Rev. 8/82)

6885815; *see also In re* Bedingfield, 42 B.R. 641 (S.D. Ga. 1983) (support obligations may be DSOs even if not payable directly to wife or children). Post-BAPCPA cases have reached similar decisions. *See, e.g., In re* Andrews, 434 B.R. 541 (Bankr. W.D. Ark. 2010) (finding under current law that attorney's fee award arising from a divorce decree was a "domestic support obligation" even though the payee was former wife's attorney); Rogowski, 462 B.R. 435 (surveying cases and holding that matrimonial attorney's fees payable directly to the attorney satisfied the definition of DSO). Accordingly, the fact that the attorney's fee award is payable directly to Mr. Hubbard has no bearing on whether the debt is a DSO.

The Court notes that although the attorney's fee award was to be payable directly to Mr. Hubbard, Ms. Marshall has already paid the attorney's fees herself. Thus, even though Debtor seeks to characterize such debt as a non-DSO because the debt was to be paid directly to her attorney, Ms. Marshall contends that she is now entitled to assert the claim in her own right as a subrogee under § 509. Debtor, on the other hand, argues that because Ms. Marshall has paid the attorney's fees, the bankruptcy court may be released from giving deference to the Superior Court's determination of who was in a better position to pay the debt because that determination is now irrelevant. The Court need not address these arguments because it finds that the obligation will not lose its DSO character by virtue of being payable directly to Ms. Marshall's attorney.

The Court's task is simply to determine whether the attorney's fee award is in the nature of support. *In re* Harrell, 754 F.2d 902, 907 (11th Cir. 1985) ("We conclude that

Congress intended that bankruptcy courts make only a simple inquiry into whether or not the obligation at issue is in the *nature* of support . . . It will not be relevant that the circumstances of the parties may have changed . . . .") (emphasis in original). This Court in <u>Stevens</u> noted that "the nature of a debt arising out of a divorce proceeding is based on the intent of the court that awarded the judgment" and concluded that "[o]ne of the critical factors in determining the State Court's intent is the disparity between the parties' earning capacities at the time of the judgment." <u>Stevens</u>, 2006 WL 6885815, at *2. The Superior Court's award of attorney's fees arising from the parties' divorce proceeding at the time of judgment was based on a disparity of the parties' financial circumstances.[4] Thus, I find the debt to be in the nature of support, and conclude that Debtor's obligation to pay Mr. Hubbard's attorney's fees satisfies the definition of a DSO in § 101(14A). Therefore, the debt is non-dischargeable under §§ 523(a)(5) and 1328(a)(2) and is entitled to priority under § 507(a)(1).

---

[4]The Superior Court awarded attorney's fees to Ms. Marshall's attorney under O.C.G.A § 19-6-2, which provides in relevant part:

(a) The grant of attorney's fees as a part of the expenses of litigation, made at any time during the pendency of the litigation, whether the action is for alimony, divorce and alimony, or contempt of court arising out of either an alimony case or a divorce and alimony case, including but not limited to contempt of court orders involving property division, child custody, and child visitation rights, shall be:

(1) Within the sound discretion of the court, except that the court *shall consider the financial circumstances of both parties as a part of its determination of the amount of attorney's fees*, if any, to be allowed against either party; and

(2) A final judgment as to the amount granted, whether the grant is in full or on account, which may be enforced by attachment for contempt of court or by writ of fieri facias, whether the parties subsequently reconcile or not.

Ga. Code. Ann. § 19-6-2(a) (emphasis added).

AO 72A
(Rev. 8/82)

O R D E R

Pursuant to the foregoing, it is the ORDER of this Court that the Superior Court attorney's fee award of $24,440.25 is non-dischargeable and entitled to priority under 11 U.S.C. § 507(a)(1).

Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 2nd day of April, 2013.

AO 72A
(Rev. 8/82)

11